Matter of Petricca v DiNapoli (2025 NY Slip Op 02121)

Matter of Petricca v DiNapoli

2025 NY Slip Op 02121

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-24-0361
[*1]In the Matter of Louis Petricca, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Creighton, Johnsen & Giroux, Buffalo (Jonathan G. Johnsen of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for Retirement and Social Security Law article 15 service retirement benefits.
Petitioner worked as a correction officer for the Department of Corrections and Community Supervision from May 1989 to September 2019. On April 17, 2019, petitioner began working as a substitute cleaner for the West Seneca Central School District. On August 29, 2019, petitioner filed an application with the New York State and Local Retirement System seeking retirement benefits under Retirement and Social Security Law article 15 and stated that he intended to retire as a correction officer on September 15, 2019 and from his position as a cleaner on September 20, 2019.[FN1] Petitioner continued to work as a substitute cleaner until June 22, 2021.
In August 2021, respondent issued an initial determination that petitioner's employment with the school district qualified him for article 15 retirement, but that he did not retire on September 21, 2019 because petitioner had not had a bona fide termination of employment inasmuch as he was not removed from payroll, nor did he file a letter of resignation to the school district. Respondent indicated that, upon receiving documentation, it would revise petitioner's retirement date to the last day that he worked for the school district and that petitioner would be required to pay respondent the amount of retirement benefits that had been overpaid to him. A hearing was held on the matter whereby, among other things, petitioner testified that he was advised by an employee of the Retirement System that he could work for the school district after his retirement date so long as he did not work on the day or the day after he retired. Following the submission of posthearing memoranda, the Hearing Officer determined, among other things, that petitioner was not entitled to retirement benefits because he did not terminate his employment, did not tender a resignation letter to the school, remained on payroll and continued to work following his retirement date. Respondent accepted the Hearing Officer's determinations and issued a final determination denying petitioner's application. Petitioner commenced this CPLR article 78 proceeding and, following joinder of issue, the proceeding was transferred to this Court (see CPLR 7804 [g]). For the reasons stated in Matter of Radwan v DiNapoli (___ AD3d ___ [3d Dept 2025] [decided herewith]), we confirm.
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Retirement System members who retire as correction officers are entitled to benefits under Retirement and Social Security Law article 14, whereas members employed by certain other public employers, including school districts, are entitled to benefits under Retirement and Social Security Law article 15 (see Retirement and Social Security Law §§ 504 [e]; 600 [2] [a]). However, and according to respondent, if a former correction officer retires after service with an article 15 employer, that individual's years of service under article 14 are considered in the article 15 retirement benefit calculation and, in some instances, the benefits available under article 15 may be more advantageous.